IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CHA UL MCCORKLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CHA UL MCCORKLE, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CHA UL MCCORKLE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Colorado Springs, County of El Paso, State of Colorado.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Capital One (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. PORTFOLIO RECOVERY ASSOCIATES, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Colorado. Defendant is registered as a limited liability company in the State of Virginia.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

14. From in or around 2005 to 2011, and on multiple occasions therein, Plaintiff received telephone calls from Defendant in an attempt to collect the Debt from Plaintiff.

15. Plaintiff is not responsible for the Debt.

16. Plaintiff has never opened a credit card account.

17. Plaintiff has never had a credit card.

18. During the course of the aforesaid time period, and on multiple occasions therein, Plaintiff informed Defendant that she did not owe the Debt.

19. During the course of the aforesaid time period, and on multiple occasions therein, Plaintiff informed Defendant that she never opened a credit card account.

20. During the course of the aforesaid time period, Plaintiff complained to the police in Colorado Springs, in the State of Colorado, regarding the telephone calls she received from Defendant, as delineated above.

21. Upon information and belief, the police informed Defendant regarding the nature of Plaintiff's complaint relative to the telephone calls Plaintiff received from Defendant.

22. Subsequent to Plaintiff having made the aforesaid complaint to the police, during the aforesaid time period, Defendant temporarily ceased contacting Plaintiff.

23. Despite Plaintiff having informed Defendant, on multiple occasions, that she did not owe the Debt, within one (1) year from the commencement of this action to the present, and on multiple occasions therein, Defendant, again, continued to initiate telephone calls to Plaintiff in an attempt to collect the Debt.

24. Despite Plaintiff having complained to the police regarding the telephone calls she received from Defendant, within one (1) year from the commencement of this action to the present, and on multiple occasions therein, Defendant, again, continued to initiate telephone calls to Plaintiff in an attempt to collect the Debt.

25. Despite Plaintiff having informed Defendant, on multiple occasions, that she never opened a credit card account, within one (1) year from the commencement of this action to the present, Defendant, again, continued to initiate telephone calls to Plaintiff in an attempt to collect the Debt.

26. Within one (1) year from the commencement of this action to the present, and on multiple occasions therein, Plaintiff engaged in multiple telephone conversations with Defendant wherein she continued to inform Defendant that she did not owe the Debt.

27. Within one (1) year from the commencement of this action to the present, and on multiple occasions therein, Plaintiff engaged in multiple telephone conversations with Defendant wherein she continued to inform Defendant she has never opened a credit card.

28. During the aforesaid time period, and on multiple occasions therein, Plaintiff's granddaughter also engaged in telephone conversations with Defendant wherein she informed Defendant that Plaintiff never opened a credit card account and that Plaintiff did not owe the Debt.

29. Despite Plaintiff and Plaintiff's granddaughter both having informed Defendant, of the aforesaid information, on multiple occasions, during the aforesaid time period, Defendant continued to initiate multiple telephone calls to Plaintiff in a further attempt to collect the Debt.

30. Defendant knew or reasonably should have known that its conduct in continuing to attempt to collect the Debt from Plaintiff would be disturbing and harassing given that Plaintiff and Plaintiff's granddaughter informed Defendant, on multiple occasions, over multiple years, that Plaintiff did not owe the Debt

31. Defendant knew or reasonably should have known that its conduct in continuing to attempt to collect the Debt from Plaintiff would be disturbing and harassing given that

Plaintiff informed Defendant, on multiple occasions, over multiple years, that she never opened a credit card account.

32. The repetitive calls made by Defendant to Plaintiff, as delineated above, were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

33. During the course of the aforesaid time period, and on multiple occasions therein, during the course of Defendant's telephone conversations with Plaintiff, Defendant told Plaintiff and Plaintiff's granddaughter that Plaintiff had to pay the Debt.

34. Defendant further, on multiple occasions, informed Plaintiff's granddaughter that if Plaintiff did not pay the Debt then Defendant would file a lawsuit against Plaintiff.

35. Plaintiff's granddaughter informed Plaintiff of the contents of her telephone conversations with Defendant.

36. Despite its multiple threats to do so, Defendant has not filed a lawsuit against Plaintiff for the Debt.

37. Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

38. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

39. Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

40. During the course of the aforesaid time period, during a telephone conversation between Defendant and Plaintiff's granddaughter, Defendant informed Plaintiff's granddaughter

that if Plaintiff did not pay the Debt then Defendant would have the police come to Plaintiff's home.

41. Plaintiff's granddaughter informed Plaintiff of the contents of the aforesaid telephone conversation with Defendant.

42. Defendant's representation to Plaintiff, that if Plaintiff did not pay the Debt then Defendant would have the police come to Plaintiff's home, was false, deceptive and/or misleading given that, upon information and belief, Defendant had neither the power nor the authority to ensure the police would go to Plaintiff's home.

43. Defendant's representation to Plaintiff that if Plaintiff did not pay the Debt then Defendant would have the police come to Plaintiff's home was a statement made by Defendant in an attempt to coerce Plaintiff into making a payment to Defendant.

44. Defendant's conduct in threatening to have the police come to Plaintiff's home if she did not pay the Debt had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

45. Plaintiff has not engaged in criminal conduct with respect to the Debt.

46. Defendant's threat to Plaintiff that it would have the police come to Plaintiff's home if she did not pay the Debt was a representation made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

47. Defendant's conduct in threatening to have the police come to Plaintiff's home if she did not pay the Debt was conduct that Plaintiff found to be abusive and/or harassing.

48. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

  b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

  c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  e. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

  f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

  g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

49. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

50. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHA UL MCCORKLE, by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

                                        Respectfully submitted,
                                        **CHA UL MCCORKLE**

                               By:   <u>  s/ David M. Marco       </u>
                                              Attorney for Plaintiff

<u>Dated: October 3, 2012</u>

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:         <u>dmarco@smithmarco.com</u>

8